UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:20 CR 252 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Matthew Barlow, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 50). For the following reasons, the motion is DENIED.

### Facts

After defendant pleaded guilty to committing several crimes while on post-release control following a state-court conviction, this Court sentenced him to concurrent prison terms of 420 months for transportation of child pornography convictions, 360 months for a sexual

1

exploitation of children conviction, and 240 months for a possession of child pornography conviction, to be followed by a life term of supervised release. On appeal to the United States Court of Appeals for the Sixth Circuit, defendant argued that his below-guidelines sentence was substantively unreasonable. The Sixth Circuit disagreed and affirmed this Court's judgment. *United States v. Barlow,* No. 21-3816 (6th Cir. July 12, 2022).

This matter is now before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."*O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

### Discussion

Defendant sets forth three claims for relief: ineffective assistance of counsel, improper conduct of prosecuting attorney, and lack of jurisdiction of federal court.

**(1) ineffective assistance of counsel**

Defendant asserts that his attorney failed to determine that defendant was charged in the federal indictment with the same conduct that he had been prosecuted for in state court. Had his attorney determined such, defendant would not have felt compelled to plead guilty and the "*Petite* policy" would have barred re-prosecution for the same act.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

Initially, as the government points out, "The government's *Petite* policy against dual prosecutions is not constitutionally mandated and cannot be enforced against the government." *Pace v. United States*, 1994 WL 102991 (6th Cir. Mar. 25, 1994) (citing *Petite v. United States*, 361 U.S. 529, 530-31 (1960) (per curiam); *United States v. Renfro*, 620 F.2d 569, 573 (6th Cir. 1980) (noting Justice Department's *Petite* policy limiting dual state and federal

3

prosecutions for the same offenses under specified circumstances was not constitutionally mandated and conferred no rights upon a defendant.) Accordingly, defendant has not set forth a cognizable constitutional ground under § 2255 based on an alleged *Petite* policy violation and the claim fails on this basis alone.

Additionally, an ineffective assistance of counsel claim based on this allegation fails. "The *Petite* policy is a discretionary policy of the Department of Justice. It does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution." *United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004). Thus, defendant's counsel was not ineffective because the policy confers no rights on defendants and only the government has standing to assert its applicability. *Renfro,* 620 F.2d at 574. Moreover, as the government explains, defendant's claim about his federal prosecution stemming from conduct he already had been prosecuted for in state court is factually incorrect. (Doc. 52 at 14). Thus, defendant cannot show deficient performance or prejudice.

### (2) improper conduct of prosecuting attorney

Next, defendant contends that the prosecutor failed to abide by the *Petite* policy. This claim fails for the same reasons stated above. There is no cognizable constitutional ground under § 2255 based on an alleged *Petite* policy violation, and its application cannot form the basis for a claim of improper prosecution.

### (3) lack of jurisdiction of federal court

Defendant maintains that his conduct was punishable at the state level. He asserts that because his conduct does not implicate the Constitution, it is not part of federal law. Consequently, this Court lacks jurisdiction. This claim fails. Defendant was prosecuted under

the federal criminal statutes at issue here.  Thus, this Court had jurisdiction over his prosecution.

For these reasons, defendant's claims do not warrant relief.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated:  11/27/23